SEATON v. CRUMP et al.

Notes — Prima Facie Evidence of Indebtedness.

> Where the authority of one partner to bind the partnership firm is proven by the evidence a note signed by that partner for the firm's indebtedness is *prima facie* evidence that the firm owed the whole amount of same.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 19, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The deposition of Archibald, corroborated by other facts and testimony, shows that on the 4th of January, 1858, the partnership between Deatheridge and Crump had not been dissolved; and there is no proof of the time of dissolution. Had the dissolution

occurred before the date of the note for $2,012, Crump could easily have proved this fact, and his failure to prove it is strongly negative.  The fact that he engaged in the service of another house does not prove that his partnership with Deatheridge had been then dissolved, because he had never been an active partner so as to preclude him from doing other business during the subsistence of his partnership with Deatheridge.  It seems to us, therefore, that the probabilities preponderate decidedly against the assumption that Deatheridge and Crump were not partners when their note to Seaton and Deatheridge was executed by the latter, whose authority to bind Crump by the execution of it is, therefore, clear.

The record proves that at the date of the note for $2,012, the books of Deatheridge and Crump showed that they were indebted to Seaton and Deatheridge, $1,512, and the execution of the note for $2,012 implied that, in some way, they owed them $500 more. The note itself is, therefore, *prima facie* evidence that Deatheridge and Crump, at its date, owed Seaton & Deatheridge the whole amount of it.

The allegations of the petition and the sustaining proof show that Deatheridge owes Seaton probably as much as the amount of it, and certainly a portion of it.  Deatheridge's insolvency and nonresidence, therefore, entitled Seaton to maintain this suit against Crump and Deatheridge for his own benefit.  The precise amount which he ought to recover is not satisfactorily proved. But, as the record now stands, his title to more than the amount of Deatheridge's note to him in January, 1858, for $412, is indisputable.

We are, therefore, of the opinion that the absolute dismission of Seaton's petition was erroneous.  But the uncertainty as to the precise amount of Deatheridge's indebtedness to Seaton and as to Crump's right to set off the amount of Deatheridge's indebtedness to him incline the court to leave these matters unadjudged for further and more complete preparation and ulterior consideration in the court below.

Wherefore, the dismissal of Seaton's petition is reversed, and the cause remanded for further proceedings.